PEOPLE *ex rel.* PERRY *v.* STARK *et al.*, Commissioners of Docks.

(*Supreme Court, General Term, First Department.* March 29, 1889.)

CERTIORARI—WHEN GRANTED.
> Under Code Civil Proc. N. Y. § 2125, providing that a writ of *certiorari* must be applied for within four months after the determination to be reviewed becomes binding upon the relator, etc., *certiorari* to review the action of the commissioners of docks of the city of New York in removing relator from the position of book-keeper will not lie after four months from such determination and notice thereof to relator.

*Certiorari* to review the proceedings of the commissioners of docks by which relator was removed from the position of book-keeper in said department

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*Solon P. Rothschild,* (*Joseph Koch,* of counsel,) for relator.    *H. R. Beekman,* Corp. Counsel, (*W. L. Turner,* of counsel,) for respondents.

VAN BRUNT, P. J.    On the 8th of December, 1886, the relator was a regular clerk in the department of docks, assigned to perform the duties of book-keeper.    On the day named, the commissioners passed a resolution whereby, after reciting that the board was of the opinion that there was a sufficient clerical force in the department to do all the work of book-keeper, they resolved that the office of book-keeper be, and the same was thereby, abolished, and that Frederick Perry be suspended from further duty in the department, and his name taken from the pay-roll, the resolution to take effect from and after December 31st.    From that time the commissioners declined to accept any service from the relator, and on the 20th of June, 1888, the relator sued out the present writ of *certiorari.*

It is urged upon the part of the respondents that the writ must be dismissed, because it was not procured within four months of the determination of the dock commissioners, and notice thereof to the relator. It is claimed upon the part of the relator that this provision of section 2125 of the Code, fixing the limitation of time within which a writ of *certiorari* may be sued out, does not apply to the relator, because the resolution in question did not constitute such a determination as is contemplated by the section, and that it was not final or binding upon the relator either in law or fact. It is difficult to see why the statute of limitations does not apply. It is admitted that the board of commissioners had the power of removal, and whether that power

was properly exercised or not is the question to be reviewed by the writ of *certiorari*. It is urged that by the resolution in question the petitioner was not removed from his position, but was simply suspended. It would appear that at the time he sued out his writ of *certiorari* the relator was of a different opinion, for in his petition he states that "your petitioner, without any notice or warrant of law, was ejected, removed, and dropped from the rolls as a regular clerk of said department of docks." It is plain that the relator was removed, and that that was the purport of the resolution; and this determination of removal having taken place, and the relator having had notice thereof more than a year prior to the time at which the writ was sued out, it comes plainly within the provisions of the statute of limitations. The writ should be dismissed, with costs.

BARTLETT, J., concurs.